106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard F. REDIG, Defendant-Appellant.
 No. 94-3105.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1995.*
Decided Jan. 9, 1997.
 
 1
 Before POSNER, Chief Circuit Judge, MANION, Circuit Judge, and REYNOLDS, District Judge.**
 
 ORDER
 
 2
 On August 21, 1992, Richard F. Redig ("Redig") plead guilty to a violation of 28 U.S.C. § 2113(a) for bank robbery. When the district court initially sentenced Redig, it attributed a co-conspirator's use of a firearm to Redig and gave Redig a three-point upward adjustment under U.S.S.G. § 2B3.1(b)(2)(c) (1991). The district also found that Redig was not a minor participant and refused to give a two-point reduction under U.S.S.G. § 3B1.2(b) (1991). In his first appeal, United States v. Redig, 27 F.3d 277 (7th Cir.1994), Redig challenged those two aspects of his sentence as well as the district court's denial of his motion to withdraw his guilty plea. This court affirmed the district court on all issues except the three-point upward adjustment for the use of a firearm; the court vacated the sentence and remanded the case "for resentencing on the issue of whether an adjustment under U.S.S.G. § 2B3.1(b)(2)(C) (1991) is warranted." Id. at 283.
 
 
 3
 On remand, the district court restated its findings on all sentencing issues except the use of the firearm. The district court found that the government had failed to meet its burden on attributing the firearm to Redig and denied an upward adjustment.
 
 
 4
 That should have ended the case, but Redig filed another appeal, arguing that the district court should have held an evidentiary hearing on Redig's request for a reduction in sentencing under U.S.S.G. § 3B1.2(b) for his role as a minor participant. Redig is wrong because the minor participant issue was beyond the scope of the remand. The original decision remanded for resentencing solely on one issue: the three-point enhancement for the use of a firearm. Moreover, Redig already raised the minor participant issue in the first appeal, which this court rejected.
 
 
 5
 Redig argues that the district court went beyond the scope of remand and resentenced him entirely. Redig, however, mischaracterizes the record on remand. Although the district court restated its findings, it understood that the use of the firearm was the only issue before it. (Aug. 12, 1994 Tr. at 24).
 
 
 6
 The district court committed no error; moreover, this court has already rejected Redig's challenge to the refusal to grant him a two-point reduction as a minor participant.
 
 
 7
 Redig's sentence is AFFIRMED.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second argument is unnecessary
 
 
 **
 Hon. John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation